IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO AMARO,

      Plaintiff,

vs.                                                        1:20-cv-01308-MV-LF

NEW MEXICO CORRECTIONS DEPARTMENT;
CORIZON HEALTH, INC.; CENTURION
CORRECTIONAL HEALTHCARE OF NM;
DENTRUST NEW MEXICO P.C.; WEXFORD
HEALTH, INC.; DR. KAPIL GREWAL;
DR. BERNIDA IQBAL,

      Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER comes before the Court on Plaintiff Pedro Amaro's Objection to

Proposed Findings and Recommended Disposition, filed April 4, 2022. Doc. 73. This case was

referred to United States Magistrate Judge Laura Fashing for a recommended disposition

pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 33. In her Proposed Findings and

Recommended Disposition ("PFRD"), filed March 15, 2022, Judge Fashing recommended

granting Defendant Centurion Correctional Healthcare of NM's ("Centurion") Motion for Partial

Dismissal for Failure to State a Claim (Doc. 6) without prejudice, and that Mr. Amaro be

allowed to amend his complaint. *See* Doc. 70. Mr. Amaro timely filed objections to the PFRD

on April 4, 2022. Doc. 73. The Court will overrule Mr. Amaro's objections, adopt the PFRD,

and allow Mr. Amaro 60 days to amend his complaint.

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the

[magistrate judge's] recommended disposition, a party may serve and file specific written

objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to.  The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R.

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  "[A] party's objections to the magistrate judge's report

and recommendation must be both timely and specific to preserve an issue for de novo review by

the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d

1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421,

1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)

("In this circuit, theories raised for the first time in objections to the magistrate judge's report are

deemed waived.").

   The Court has considered the motion to dismiss and the briefs, the Magistrate Judge's

PFRD, and Mr. Amaro's objections in light of the foregoing standards, and has conducted a de

novo review.  Based on the Court's review, the Court finds that Mr. Amaro's objections to the

PFRD are without merit.

   Mr. Amaro objects to the Magistrate Judge's finding that his complaint "fails to allege

facts that show Centurion promulgated or even knew about the extraction-only policy, or

otherwise was deliberately indifferent to his dental needs."  Doc. 73 (quoting Doc. 70 at 16).  His

objections, however, are without merit and are overruled.

First, Mr. Amaro asserts that the allegations in his complaint "put Defendant Centurion

on clear notice of why the for-profit prison healthcare vendor is being sued" and contends that

his complaint complies with pleading standards.  Doc. 73 at 2.  Mr. Amaro argues that his

complaint put Centurion on notice.  *Id*.  While Mr. Amaro is correct that the pleading standard

under Rule 8 does not require detailed factual allegations, when a defendant moves to dismiss

under Federal Rule of Civil Procedure 12(b)(6), plaintiff's complaint must contain sufficient

facts to state a claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  In other

words, a plaintiff must allege sufficient facts to establish that he or she is entitled to relief for the

specific claims brought against the defendant.

In this case, Mr. Amaro brought a claim under 42 U.S.C. § 1983 for a violation of his

Eighth Amendment right to adequate dental care.  Doc. 70 at 5.  The Magistrate Judge explained

the elements of an Eighth Amendment claim and that Mr. Amaro's complaint failed to satisfy the

subjective element because he did not name a specific person at Centurion who knew of and

disregarded his health and safety.  Doc. 70 at 7–11.  The Magistrate Judge further explained that

Mr. Amaro failed to allege a municipal liability claim[1] against Centurion because the complaint

did not contain allegations "that Centurion formed, distributed, or required the dental staff to

adhere to an 'extraction-only' policy.  It is unclear, therefore, whether the policy was formulated

by Centurion or by Dentrust."  *Id.* at 14.  I agree with the Magistrate Judge's reasoning and

---

[1] Mr. Amaro explains that his *Monell* claim "rests in the theory that injury occurred because of
the practice of an unconstitutional policy [ ] and was not intended to assert any degree of liability
against any 'municipality.'"  Doc. 73 at 4.  As the Magistrate Judge explained, the holding of
*Monell v. Dep't of Soc. Servs. of City of New York*, 429 U.S. 1071 (1977), extends to private
defendants when those private entities are sued under § 1983.  Doc. 70 at 12.  In other words,
when a private defendant is "acting under color of law," the principles of *Monell* apply to that
defendant.  Consequently, a private corporation, like Centurion, may be sued for "municipal"
liability where its policies allegedly caused a constitutional violation.

analysis.  The Magistrate Judge's recommendation for dismissal is not inconsistent with the standards under Federal Rules—as argued by Mr. Amaro—because his complaint did not allege facts that satisfied the elements of his claims under the Eighth Amendment.

Next, Mr. Amaro attempts to bolster the allegations contained in his complaint with facts not alleged in his complaint.  *Compare* Doc. 73 at 2 (discussing Centurion's "Health Services Administrators") *with* Doc. 1.  The Court will not consider factual allegations that are not contained within the four corners of the complaint.  *See Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008); *Hiatt v. Brigham Young Univ.*, 512 F. Supp. 3d 1180, 1184 (D. Utah 2021) (unpublished).  The additional facts asserted by Mr. Amaro in his objections do not revise what was alleged in his original complaint.

Third, Mr. Amaro contends that dismissal is premature, and that he should be allowed to develop facts through the discovery process.  Doc. 73 at 3–4.  Discovery may only begin if a plaintiff states a claim against the defendant.  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts . . . to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (*citing Twombly*, 550 U.S. at 570).  The complaint must first survive the Rule 12(b)(6) motion.  In this case, Mr. Amaro's complaint does not survive a motion to dismiss under Rule 12(b)(6).  Accordingly, he is not entitled to discovery.

Finally, Mr. Amaro does not object to the Court allowing him an opportunity to file an amended complaint.  Doc. 73 at 4.  The Court will grant Mr. Amaro leave to file an amended complaint.

Having found that Mr. Amaro's objections are without merit, the Court overrules Mr. Amaro's objections and adopts the Magistrate Judge's proposed findings and recommended

disposition.

IT IS THEREFORE ORDERED as follows:

1.  Defendant Centurion Correctional HealthCare of New Mexico's Motion for Partial Dismissal for Failure to State a Claim, filed on April 6, 2021 (Doc. 6), is GRANTED without prejudice; and

2.  Mr. Amaro is granted 60 days from the entry of this order to file an amended complaint.

_____
Martha Vazquez
Senior United States District Judge

5