IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO AMARO,

    Plaintiff,

vs.                                              1:20-cv-01308-MV-LF

NEW MEXICO CORRECTIONS DEPARTMENT;
CORIZON HEALTH, INC.; CENTURION
CORRECTIONAL HEALTHCARE OF NM;
DENTRUST NEW MEXICO P.C.; WEXFORD
HEALTH, INC.; DR. KAPIL GREWAL;
DR. BERNIDA IQBAL,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**
**AND ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff Pedro Amaro's Objection to Proposed Findings and Recommended Disposition, filed April 6, 2022. Doc. 77. This case was referred to United States Magistrate Judge Laura Fashing for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 33. In her Proposed Findings and Recommended Disposition ("PFRD"), filed March 16, 2022, Judge Fashing recommended granting Defendant Dr. Kapil Grewal's Motion to Dismiss and to Stay Litigation and Supporting Memorandum (Doc. 53) without prejudice, and that Mr. Amaro be allowed to amend his complaint. *See* Doc. 71. Mr. Amaro timely filed objections to the PFRD on April 6, 2022.[1]

---

[1] Generally, a party must file any objections within 14 days after service of the magistrate judge's proposed findings and recommended disposition. FED. R. CIV. P. 72(b)(2). Three days are added to the deadline to file objections if service is by mail. FED. R. CIV. P. 6(d). The PFRD was filed on March 16, 2022. Doc. 71. The Court experienced some confusion as to where the PFRD should be mailed to Mr. Amaro. *See* document text entries for Docs. 70, 71, 72. Consequently, the PFRD was mailed on March 17, 2020, the day after it was filed. Mr. Amaro's

Doc. 77.  The Court will overrule Mr. Amaro's objections, adopt the PFRD, and allow Mr. Amaro 60 days to amend his complaint.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

---

objections, therefore, were due Tuesday, April 5, 2022.  Mr. Amaro signed his objections on March 29, 2022.  Doc. 77 at 6.  Mr. Amaro's objections are postmarked April 1, 2022.  Doc. 77 at 7.  The Court received Mr. Amaro's objections on April 6, 2022, 5 days after they were mailed.  *Id*.  Under these circumstances, in the interest of justice, the Court accepts Mr. Amaro's objections as timely.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199–200 (10th Cir. 2000) (noting that the firm waiver does not apply "when the interests of justice so dictate.")

The Court has considered the motion to dismiss and the briefs, the Magistrate Judge's PFRD, and Mr. Amaro's objections in light of the foregoing standards, and has conducted a de novo review.  Based on the Court's review, the Court finds that Mr. Amaro's objections to the PFRD are without merit and are overruled.

Mr. Amaro objects to the Magistrate Judge's finding that his complaint "fails to state a plausible claim against Dr. Grewal for deliberate indifference to Mr. Amaro's serious medical needs in violation of his Eighth Amendment rights."  Doc. 77 at 1.  He also objects to her finding that the complaint does not meet the minimum pleading standards in FED. R. CIV. P. 8(a)(2).  Doc. 77 at 4.

In support of these objections, Mr. Amaro submits facts that were not alleged in the complaint.  For example, in his motion, Mr. Amaro asserts that "[d]efendant Dr. Grewal personally assessed Plaintiff's particular dental issues and declared to Plaintiff that a 'root canal' was the remedy needed to properly treat that condition."  *Id*.  He asserts that "Dr. Grewal did inform Plaintiff that, in the absence of a 'root canal,' the condition could worsen to the extent that the tooth would 'have to come out.'  *Id*. at 2.  Mr. Amaro relies on the allegations that "Dr. Grewal assessed Plaintiff's dental condition, declared the proper remedy for the problem, and then proceeded to deprive Plaintiff access to the proper treatment for seven/eight months."  None of these allegations are in the complaint.  Mr. Amaro's complaint does not specifically identify Dr. Grewal as having made an assessment or a recommendation that a root canal was the proper remedy to address the problem with Mr. Amaro's tooth.  *Compare* Doc. 77 at 1 *with* Doc. 1.  The Court will not consider factual allegations that are not contained within the four corners of the complaint.  *See Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008); *Hiatt v. Brigham Young Univ.*, 512 F. Supp. 3d 1180, 1184 (D. Utah 2021) (unpublished).  The additional facts

asserted by Mr. Amaro in his objections do not revise what was alleged in his original complaint.

Next, Mr. Amaro contends that dismissal is premature, and that he should be allowed to develop facts through the discovery process. Doc. 77 at 4–7. Discovery may only begin if a plaintiff states a claim against the defendant. To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts . . . to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (*citing Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). The complaint first must survive the Rule 12(b)(6) motion. In this case, Mr. Amaro's complaint does not survive a motion to dismiss under Rule 12(b)(6). Accordingly, he is not entitled to discovery.

Having found that Mr. Amaro's objections are without merit, the Court overrules Mr. Amaro's objections and adopts the Magistrate Judge's proposed findings and recommended disposition.

IT IS THEREFORE ORDERED as follows:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 71) is ADOPTED;

2. Defendant Dr. Kapil Grewal's Motion to Dismiss (Doc. 53) is GRANTED without prejudice;

3. Defendant Dr. Kapil Grewal's Motion to Stay Litigation (Doc. 53) is denied as moot; and

4. Mr. Amaro is granted 60 days from the entry of this order to file an amended complaint.

_____
Martha Vázquez
Senior United States District Judge