IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO AMARO,

        Plaintiff,

vs.

        1:20-cv-01308-MV-LF

NEW MEXICO CORRECTIONS DEPARTMENT;
CORIZON HEALTH, INC.; CENTURION
CORRECTIONAL HEALTHCARE OF NM;
DENTRUST NEW MEXICO P.C.; WEXFORD
HEALTH, INC.; DR. KAPIL GREWAL;
DR. BERNIDA IQBAL,

        Defendants.

## ORDER LIFTING STAY AND
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court following the settlement of several of the original defendants,[1] including Centurion Correctional Healthcare of New Mexico, Dentrust New Mexico, P.C., and Dr. Kapil Grewal. *See* Doc. 97. Based on the parties' agreement, the Court stayed the proceedings in this case pending a settlement conference. Doc. 95. The settlement conference was successful, and all of the closing documents for the defendants that participated in the settlement conference have been filed. Docs. 110, 112, 114, 115. IT IS THEREFORE ORDERED that the stay is lifted.

THIS MATTER also comes before the Court on Mr. Amaro's Amended Complaint filed on August 29, 2022 (Doc. 84) and Mr. Amaro's Motion for Leave to File an Amended Complaint, filed on September 19, 2022 (Doc. 91). The Honorable District Judge Martha

---

[1] The New Mexico Corrections Department, Corizon Health, Inc., Wexford Health, Inc., and Dr. Bernida Iqbal were included in Mr. Amaro's original complaint, *see* Doc. 1, but Mr. Amaro voluntarily dismissed these four defendants without prejudice in 2021. Docs. 32, 49, 50, 52.

Vazquez referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 57. Having reviewed Mr. Amaro's amended complaint and motion to amend, I find that it is patently obvious that the Mr. Amaro could not prevail on the facts alleged against all originally named defendants and any defendants involved in the settlement. I further find that Mr. Amaro's new claims against newly added defendants must be brought in a separate lawsuit. I therefore recommend that the Court *sua sponte* dismiss Mr. Amaro's amended complaint. I further find that Mr. Amaro's requested amendments to his amended complaint would be futile, and I therefore recommend that the Court deny his motion to amend.

I.   **Mr. Amaro's Amended Complaint**

At the direction of the Court, on August 29, 2022, Mr. Amaro filed an amended complaint that included most of the original defendants—Corizon Health, Inc., Centurion Correctional Health Care of New Mexico, Dentrust New Mexico, P.C., Wexford Health, Inc., Dr. Kapil Grewal, and Dr. Bernida Iqbal[2]—and many other defendants. Doc. 84. In his amended complaint—like his original complaint—Mr. Amaro brings claims pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. *Id*. The facts in the first part of the amended complaint are generally the same as the factual allegations contained in Mr. Amaro's original complaint: that an "extraction only" policy at the Guadeloupe County Correctional Facility ("GCCF") caused the dentists to fail to perform a recommended root canal to save his tooth, and instead, on December 16, 2017, the dentist pulled Mr. Amaro's infected tooth causing pain and ongoing

---

[2] The only original defendant not named in the amended complaint is the New Mexico Corrections Department. *See* Doc. 84.

problems.  *Compare* Doc. 1 at 3–8 *with* Doc. 84 at 18–25.

In the second part of Mr. Amaro's amended complaint, he alleges claims against several defendants not named in his original complaint and makes allegations regarding problems related to tooth #29 and tooth # 4, beginning in October of 2021.  Doc. 84 at 26–27.  He also adds more than twenty new defendants who he alleges were involved in causing his injuries in various ways.  *See id.* at 5–17, 33–55.

      A.  The Court Should *Sua Sponte* Dismiss Mr. Amaro's Amended Complaint.

A district court may dismiss a case *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).  Here, it is patently obvious that Mr. Amaro could not prevail on the facts alleged against the originally named defendants and those involved in the settlement, and the Court should dismiss his amended complaint against those defendants in its entirety.

      1.  *Mr. Amaro's Claims Regarding the Extraction of Tooth #13[3] Have Been Dismissed and are Barred by the Statute of Limitations*.

First, Mr. Amaro has dismissed with prejudice the defendants involved in the settlement conference.  Mr. Amaro filed his amended complaint on August 29, 2022.  Doc. 84.  On January 20, 2023, the Court held a settlement conference which was successful as to the parties who were present.  Doc. 97.  Following the settlement conference, Mr. Amaro voluntarily dismissed with prejudice defendants Dr. Kapil Grewal, Ms. C. Romero, Dr. Bernida Iqbal,[4] and Dentrust Dental International.  Doc. 110.  On a joint motion, the Court dismissed with prejudice defendant

---

[3] In his motion to amend, Mr. Amaro seeks to correct the reference to "Tooth #13" to "Tooth #14" and vice versa.  Because the tooth at issue is identified as tooth #13 in the complaint, the Court will refer to tooth #13 when discussing the tooth that was extracted on December 16, 2017.

[4] Mr. Amaro had previously voluntarily dismissed Dr. Bernida Iqbal without prejudice.  Doc. 50.

3

Dentrust of New Mexico, P.C.  Doc. 112.  Mr. Amaro voluntarily dismissed with prejudice defendant Centurion Correctional Healthcare of New Mexico, Steven Wheeler, and Murray Young.  Docs. 114, 115.  Consequently, any claims that Mr. Amaro brought or could have brought against these defendants in his amended complaint have been completely dismissed with prejudice.

Mr. Amaro voluntarily dismissed without prejudice the New Mexico Corrections Department on July 21, 2021 (Doc. 49), Corizon Health, Inc. ("Corizon") on August 2, 2021 (Doc. 52), and Wexford Health, Inc. ("Wexford") on April 26, 2021 (Doc. 32).  I recommend that the Court dismiss with prejudice the amended complaint with respect to defendants Corizon and Wexford because the claims in the amended complaint against Corizon and Wexford are barred by the statute of limitations.[5]

"Congress did not provide a statute of limitations for actions brought under § 1983." *Herrera v. City of Espanola*, 32 F.4th 980, 989 (10th Cir. 2022).  The statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits."  *Id.*  New Mexico provides for a three-year limitations period for claims for personal injuries.  N. M. STAT. ANN § 37-1-8 (1978).  Accordingly, the statute of limitations period for § 1983 claims is three years.  *Herrera*, 32 F.4th at 989.  "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998).  Mr. Amaro refiled his complaint against Corizon and Wexford on August 29, 2022, more than three years after Mr. Amaro knew or had reason to know of the injury—the extraction of his tooth—which is the basis of the action.

---

[5] Because Mr. Amaro did not name the New Mexico Corrections Department in his amended complaint, the Court need not dismiss claims against the Department.

4

With regard to tooth #13 (Doc. 84 at 18–25, ¶¶ 51–121), Mr. Amaro's claims arise out of the extraction of his tooth on December 16, 2017.  Doc. 84 at 22, ¶ 91.  The statute of limitations, therefore, ran on December 16, 2020, the day he filed his original complaint.  Doc. 1.  But Mr. Amaro dismissed Wexford, on April 26, 2021, four months after the statute of limitations had passed.  Mr. Amaro dismissed Corizon, on August 2, 2021, eight months after the statute of limitations had passed.  Although the dismissals of Wexford and Corizon were "without prejudice," a dismissal without prejudice becomes a dismissal with prejudice once the statute of limitations has run.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (unpublished).  Mr. Amaro filed his amended complaint on August 29, 2022, a year and eight months after the statute of limitations had run and more than a year after he dismissed Wexford and Corizon.  Consequently, the dismissal of Wexford and Corizon became a dismissal with prejudice.  Further, Mr. Amaro's amended complaint cannot relate back to a complaint he previously dismissed now that the statute of limitations has run.  *See Alexander v. Foegen*, 443 F. App'x 333 (2011) (unpublished).

Finally, Mr. Amaro's claims against Wexford and Corizon cannot be revived under the New Mexico savings statute.  New Mexico's savings statute states:  "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."  N.M. STAT. ANN. § 37-1-14 (1978).  Mr. Amaro filed his amended complaint on August 29, 2022, more than a year after he dismissed Wexford and Corizon.  The amended complaint, therefore, cannot be considered a continuation of Mr. Amaro's original complaint filed on December 16, 2020.

Mr. Amaro's claims with regard to the extraction of tooth #13 have been dismissed and

cannot be revived with his amended complaint. I therefore recommend that the Court dismiss Mr. Amaro's claims with respect to tooth #13 *sua sponte* because it is patently obvious that he cannot prevail on any claims related to that tooth.

      2.   *Mr. Amaro Cannot Bring New Claims Against New Defendants in an Amended Complaint that Do Not Relate To His Original Complaint.*

In April 2022, the Court granted defendant Centurion and defendant Dr. Grewal's motions to dismiss, but gave Mr. Amaro leave to amend his complaint should he choose to do so to remedy the deficiencies in his original complaint. *See* Docs. 70, 71, 79, 80. Mr. Amaro filed an amended complaint on August 29, 2022, which included and amplified his original claims against Centurion and Dr. Grewal, but also included entirely new claims against different defendants. *See* Doc. 84 at 18–27; *see also id.* at 5–17 (listing defendants). As discussed above, Mr. Amaro's original claims against the original defendants have either been resolved and dismissed with prejudice, or they were dismissed without prejudice but now are time-barred. In the "More Currently" section of the amended complaint, Mr. Amaro alleges that he has sustained additional injuries for work performed by Dr. Alba Weaver on tooth #29 and tooth #4 between October 2021 and August 20, 2022. Doc. 84 at 26–27. In other words, these new claims involve different teeth, and involve dental procedures that occurred well after the original complaint was filed. *See id*. Mr. Amaro also adds a myriad of new defendants, claiming that each defendant had some role in causing the injuries that he has suffered from his dental care within the prison system. *See* Doc. 84 at 5–17, 33–55.

It is obvious from the allegations in the amended complaint and the lengthy list of new defendants with their various roles that this pleading is replete with improperly joined parties and claims. The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Courts may insist upon a prisoner's compliance with

6

the rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

Federal Rule of Civil Procedure 18(a) governs joinder of claims and provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  From this language, it is clear that a plaintiff may bring multiple claims against a single defendant under Rule 18(a).  However, it also is clear that "[u]nrelated claims against different defendants belong in different suits."  *George*, 507 F.3d at 607.  Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *Id*.  Allowance is more generous for claims than it is for parties, given the rules allow a party to bring multiple claims—related or not—against a single party in one action.  FED. R. CIV. P. 18(a).

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of parties and provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Rule 20(a)(2) thus imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.  *See e.g.*, *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted); *see also DIRECTTV, Inc. v. Barrett*, 220 F.R.D. 630, 631–32 (D. Kan. 2004) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1653), *aff'd* 249 F. App'x 27 (10th

7

Cir. 2007). It follows that under Rule 20(a)(2), a plaintiff may not bring multiple claims against multiple parties in a single action unless the "statutory nexus" is demonstrated with respect to all defendants named in the action. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted); *see also Manygoat v. Havel*, No. 18-cv-00222-KWR-KRS, 2020 WL 4366078, *2 (D.N.M. July 30, 2020) ("The Court is . . . not inclined to treat its cases like an open tab, where inmates can raise issues as they arise during the duration of a sentence.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of claims and parties prevents "the sort of morass [a multiple-claim, multiple-defendant] suit produce[s]." *George*, 507 F.3d at 607. It also prevents prisoners from "dodging" the fee obligations[6] and the three strikes provisions[7] of the Prison Litigation Reform Act. *Id*. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

---

[6] 28 U.S.C. § 1915(b)(1) and (2) provide that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.*

[7] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The factual allegations made in the "More Currently" section (Doc. 84 at 26–27) of Mr. Amaro's amended complaint do not relate to his original claims and do not involve the same defendants. The allegations contained in the "More Currently" section discuss Dr. Weaver and dental appointments and problems between October/November of 2021 and August of 2022. *Id*. at ¶¶ 122, 136. The allegations relate to tooth #29 and tooth #4. *Id*. at ¶¶ 123, 126. On the other hand, Mr. Amaro's original complaint related to actions taken by Dr. Iqbal, Dr. Grewal, and Ms. Romero on tooth #13 in 2017. None of the "More Currently" allegations were made in the original complaint, nor do they relate to the same occurrence alleged in the original complaint. Additionally, the newly named parties were not named in the original complaint, and their alleged liability does not arise out of the same occurrences that were alleged in the original complaint. Rather, Mr. Amaro has raised entirely new allegations that must be addressed in a separate lawsuit.[8] Because the allegations in Mr. Amaro's "More Currently" section of his amended complaint do not relate to his originally filed complaint, I recommend that the Court dismiss Mr. Amaro's new claims without prejudice, that is, any allegations and claims not barred by the statute of limitations and that have not been resolved by the settlement. Mr. Amaro may refile any new claims not barred by the statute of limitations or resolved by the settlement in a new, separate lawsuit, if he wishes.

## II. Mr. Amaro's Motion to Amend

On September 19, 2022, Mr. Amaro filed a Motion for Leave to File an Amended Complaint. Doc. 91. Mr. Amaro did not submit a proposed amended complaint for the Court's review. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the

---

[8] Mr. Amaro's claims relating to dental care he received in October or November 2021 through August 2022 would not be barred by the three-year statute of limitations. He could raise these new claims in a separate lawsuit, by filing a complaint under a new case number.

9

motion to amend."). Instead, Mr. Amaro identifies "newly discovered" progress notes from 1/31/95 to 9/20/18 and notes that the tooth numbers in the amended complaint are misnumbered. Further, Mr. Amaro identifies claims for tooth numbers 15 and 10 from dental work performed in September of 2003 and December of 2012. Doc. 91. The motion to amend should be denied as futile.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1217–18 (10th Cir. 2022), *cert. denied*, *San Juan Cnty. v. Chilcoat*, 2023 WL 2959387 (Apr. 17, 2023). A district court may deny a motion to amend if the amendment would be futile. *Id.* A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss. *See, e.g., Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239–40 (10th Cir. 2001). The grant or denial of a motion to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mr. Amaro's proposed amendment is futile because it appears he intends to include claims that are barred by the statute of limitations. In his motion, Mr. Amaro requests leave to correct information regarding tooth #13 (which claims have now been resolved and/or dismissed with prejudice), and add information regarding dental appointments in 2012, 2013, and as far back as 2003. Doc. 91. Any amendment to add claims arising between 2003 and 2013 would be futile because the statute of limitations has run. *See Herrera*, 32 F.4th at 989 (the statute of limitations period for § 1983 claims is three years). It has been more than three years since the dental appointments Mr. Amaro is referring to in his motion to amend. I therefore recommend that the Court deny Mr. Amaro's motion to amend as futile. To the extent that he wishes to

amend any information related to claims not barred by the statute of limitations, he may make those changes before filing a new lawsuit.

### III.   Recommendation

For the reasons stated above, I recommend that the Court dismiss Mr. Amaro's amended complaint (Doc. 84) with prejudice against defendants Dr. Kapil Grewal, Ms. C. Romero, Dr. Bernida Iqbal, Dentrust Dental International, Dentrust of New Mexico, P.C., Centurion Correctional Healthcare of New Mexico, Steven Wheeler, Murray Young, Corizon Health, Inc., and Wexford Health, Inc.  I recommend that the Court dismiss Mr. Amaro's amended complaint (Doc. 84) without prejudice as to all other defendants with respect to any claims not barred by the statute of limitations.  I further recommend that the Court deny Mr. Amaro's motion to amend (Doc. 91) as futile.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.*  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge