IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO AMARO,

        Plaintiff,

vs.

                              1:20-cv-01308-MV-LF

NEW MEXICO CORRECTIONS DEPARTMENT;
CORIZON HEALTH, INC.; CENTURION
CORRECTIONAL HEALTHCARE OF NM;
DENTRUST NEW MEXICO P.C.; WEXFORD
HEALTH, INC.; DR. KAPIL GREWAL;
DR. BERNIDA IQBAL,

        Defendants.

**MEMORADUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Order from the Tenth Circuit remanding the

matter for this Court to address Plaintiff Pedro Amaro's objections (Doc. 117) [Doc. 127-1]. The

Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") on May

30, 2023.  Doc. 116.  The PFRD notified the parties of their ability to file objections within

fourteen (14) days and that failure to do so waived appellate review.  *Id*. at 11.  Objections were

due on June 13, 2023.  Because Mr. Amaro is an inmate and receives orders and other documents

filed with the Court by mail, pursuant to FED. R. CIV. P. 6(d), three days are added to the

deadline.  Accordingly, Mr. Amaro had through June 16, 2023, to file objections.  The Court did

not receive objections from Mr. Amaro by the deadline, and the Court therefore adopted the

Magistrate Judge's PFRD and entered an order and judgment on June 21, 2023, closing the case.

Docs. 117, 118.

Thereafter, on June 23, 2023, the Court received Mr. Amaro's objections.  Doc. 119. Mr.

Amaro appealed the final judgment on July 24, 2023, thereby divesting this Court of jurisdiction.

Doc. 120. On August 16, 2024, the Tenth Circuit entered its Order and Judgment, vacating this

Court's order and final judgment and remanding for this Court to address Mr. Amaro's

objections and to conduct any other appropriate proceedings consistent with its Order. Doc. 127-

1 at 5.

## I.       Mr. Amaro is Afforded the Benefit of the Prisoner Mailbox Rule.

Although the Court did not receive Mr. Amaro's objections until seven days after the

June 16, 2023 deadline, because he is an inmate, Mr. Amaro is afforded the benefit of the prison

mailbox rule.  The "prisoner mailbox rule" provides that an inmate's pleadings are deemed filed

as of the date on which they are deposited into the appropriate prison mailing system.  *See*

*Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *United States v. Warner*, 54 F.3d 788, 1995 WL

307586, at *2 (10th Cir. 1995) (unpublished decision) (holding that "prisoner mailbox rule" is

applicable to filings in district court proceedings).  One way an inmate can establish the date on

which they gave the papers to be filed with the court to a prison official is to "submit a

declaration [in compliance with 28 U.S.C. § 1746[1]) or notarized statement setting forth the

---

[1] 28 U.S.C. § 1746 provides in pertinent part:

> Wherever, under any law of the United States or under any rule, regulation, order,
> or requirement made pursuant to law, any matter is required or permitted to be
> supported, evidenced, established, or proved by the sworn declaration,
> verification, certificate, statement, oath, or affidavit, in writing of the person
> making the same (other than a deposition, or an oath of office, or an oath required
> to be taken before a specified official other than a notary public), such matter
> may, with like force and effect, be supported, evidenced, established, or proved
> by the unsworn declaration, certificate, verification, or statement, in writing of
> such person which is subscribed by him, as true under penalty of perjury, and
> dated, in substantially the following form:
>
> * * * *

2

notice's date of deposit with prison officials and attest that first-class postage was pre-paid."

*Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The prisoner mailbox rule applies to

objections to a magistrate judge's proposed findings and recommended disposition. *See Dixon v.*

*Sullivan*, 28 F. App'x 810, 812 (10th Cir. 2001).

> In his objections, Mr. Amaro includes an attestation that states:

> I, Pedro J. Amaro, declare under penalty of perjury that I am mailing an original
> version of this document to the U.S. District Court, District of New Mexico at 333
> Lomas Blvd., N.W., Ste. 270, Albuquerque, N. Mex. [sic] 87102, by placing the
> document into a sealed envelope and submitting such into the prison's internal
> mailing system on June 15, 2023, with a facility "Debit Memo" to cover the cost
> of "First Class" postage, pre-paid.

Doc. 119 at 11. This is sufficient to establish that Mr. Amaro's objections are timely, as

explained by the Tenth Circuit. *See* Doc. 127-1 at 3-4. Consequently, and in keeping with the

Tenth Circuit's directive, the Court will address the merits of Mr. Amaro's objections. *Id.* at 4-5.

## II.   **Legal Standard**

"[A] party's objections to the magistrate judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances,*

*Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060

(10th Cir. 1996). Where a party files timely and specific objections, the district judge is required

to perform a *de novo* review. FED. R. CIV. P. 72(b). The Tenth Circuit requires a "district court

to consider relevant evidence of record and not merely review the magistrate judge's

---

(2) If executed within the United States, its territories, possessions, or
commonwealths: "I declare (or certify, verify, or state) under penalty of perjury
that the foregoing is true and correct. Executed on (date).
(Signature)".

3

recommendation" when conducting a *de novo* review of a party's timely, specific objections to the magistrate's report. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that *de novo* review is required. Consequently, a brief order expressly stating the court conducted *de novo* review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). This Court conducted a *de novo* review of the record and finds that Mr. Amaro's objections are without merit and are overruled.

### III.    Mr. Amaro's Objections

#### A.   Mr. Amaro's Notice of Claim

Mr. Amaro first contends that "the proposed findings nakedly establish that the nature of this action has been either overlooked or simply misunderstood by the Magistrate Judge." Doc. 119 at 1. He points the Court to his "Notice of Claim," dated February 24, 2018, which he attaches to his objections. Doc. 119 at 12–13. This notice also was attached as Exhibit 1 to his amended complaint but was not attached to his original complaint. *Compare* Doc.1 *with* Doc. 84-1. Mr. Amaro asserts that:

> Relating back to the facts stated in [the notice], Plaintiff's complaints have repeatedly centered around a continuing prison practice whereby dental care professionals deprive prisoners of restorative dental treatments such as 'root canal therapy' and 'crowns,' which routinely subjects prisoners afflicted with dental conditions to weeks and months of unnecessary pain and discomfort, in the absence of a constitutionally adequate degree of dental care.

Doc. 119 at 1–2. Mr. Amaro's discussion of his "Notice of Claim" does not contain a specific objection to the Magistrate Judge's PFRD and the Court will not address whether the notice "relates back" to the original complaint.

4

B.  Mr. Amaro's Addition of Claims and Parties in the Amended Complaint do not
    "Relate Back" to the Original Complaint.

Mr. Amaro objects to the magistrate's proposal to dismiss the amended complaint to the

extent that he attempts to bring additional claims and add additional defendants through that

amended complaint.  Doc. 119 at 2.  He argues that, pursuant to Rule 15(c)(1), the new claims

and defendants "relate back" to the original complaint.  *Id.*

Rule 15 governs amendments.  FED. R. CIV. P. 15. (Amended and Supplemental

Pleadings).  Rule 15(c) allows plaintiffs to file amended complaints after the statute of

limitations has run on a claim where certain conditions are present.  Rule 15(c) states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back
> to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows
> relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out—or attempted to be set out—in the
> original pleading; or
>
> (C) the amendment changes the party or the naming of the party against
> whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period
> provided by Rule 4(m) for serving the summons and complaint, the party to be
> brought in by amendment:
>
>> (i)    received such notice of the action that it will not be
>>        prejudiced in defending on the merits; and
>>
>> (ii)   knew or should have known that the action would have
>>        been brought against it, but for a mistake concerning the
>>        proper party's identity.

FED. R. CIV. P. 15(c).  The rule establishes different requirements for adding new claims against

an existing party versus adding a new party to the suit.  *Garcia v. Bd. of Cnty. Comm'rs of Cnty.*

*of Bernalillo*, 2010 WL 11618983, at *2 (D.N.M. Nov. 30, 2010) (unpublished).

Mr. Amaro has only objected with respect to the additional claims and defendants.  Doc. 119 at 2.  Rule 15(c)(1)(B) applies to an amendment asserting a new claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a new party (the connecting word between Rule 15(c)(1)(B) and (C) is "or").  *See Pierce v. Amaranto*, 276 F. App'x 788, 792 (10th Cir. 2008) (unpublished) (finding that the predecessor to Rule 15(c)(1)(B) governs "issues, not parties, that were not raised in the pleadings").

Mr. Amaro's amended complaint does not meet the criteria in 15(c)(1)(B) to relate back to his original complaint.  The new claims raised in the amended complaint do not assert a claim that arose out of the conduct, transaction, or occurrence set out in the original complaint.  As the Magistrate Judge pointed out, Mr. Amaro's original complaint concerned tooth #13 that was extracted by Dr. Grewal in December of 2017.  Doc. 116 at 5.  On the other hand, the new claims in the amended complaint arise from issues with Dr. Alba Weaver, tooth #29, and tooth #4, and dental appointments between October/November of 2021 and August of 2022.  *Id.* at 9. Consequently, the new claims do not arise from the same conduct, transaction, or occurrence that was set out in the original complaint.

Mr. Amaro's amended complaint does not meet the criteria in Rule 15(c)(1)(C).  Rule 15(c)(1)(C) provides for relation-back to add new defendants so long as four conditions are met. First, the claims against the defendant must arise from the same transaction as the original complaint.  Second, the addition must constitute a "change" in the parties.  Third, the proposed defendant must have received timely notice of the original filing.  Finally, the proposed defendant either must have known or should have known that it would have been a party absent a mistake by the plaintiff.  *Garcia*, 2010 WL 11618983, at *3.  With regard to a change in the parties, a change does not mean a change to an entirely different defendant for entirely different

6

actions.  For example, the Tenth Circuit concluded that substitution of a defendant for a "John

Doe" constitutes a "change" such that "all requirements of Rule 15(c)(3) must be met in order for

[a plaintiff's] amended pleadings to relate back to the date of the original." *Garrett v. Fleming*,

362 F.3d 692, 696 (10th Cir. 2004).

     Here, the defendants whom Mr. Amaro added in the amended complaint do not meet the

conditions to relate back to the original complaint under Rule 15.  First, as explained above, the

claims against the defendants do not arise from the same transaction as the original complaint.

Second, Mr. Amaro is not simply substituting one party for the correct party.  Rather he seeks to

add entirely different defendants for entirely different actions.  Third, there is no indication that

the newly named defendants received timely notice of the original complaint or that they would

have known that they would be included as parties, particularly given that the new events

complained of occurred well after the filing of the original complaint.

     Mr. Amaro fails to establish that his amended complaint relates back to his original

complaint, and his objection is overruled.

     C.  <u>Mr. Amaro's Amended Complaint does not Survive as a "Continuing Violation."</u>

     Mr. Amaro objects to the Magistrate Judge's recommendation to dismiss the amended

complaint, asserting that the amended complaint is stating a "continued violation of federal law."

Doc. 119 at 3.  The continuing violation doctrine can save a plaintiff's claim when that claim is

barred by the statute of limitations.  "The 'continuing violation' doctrine . . . tethers conduct

from both inside and outside the limitations period into one single violation that, taken as a

whole satisfies the applicable statute of limitations." *Hamer v. City of Trinidad*, 924 F.3d 1093,

1100 (10th Cir. 2019).  It is an equitable principle that applies when the plaintiff's claim seeks

redress for injuries resulting from a series of separate acts that *collectively constitute one*

*unlawful act*, as opposed to conduct that is a discrete unlawful act." *Herrera v. City of Española*, 32 F.4th 980, 993 (10th Cir. 2022) (emphasis in original).  "An important caveat to the continuing violation doctrine, however, is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Id*.  The continuing violation doctrine is available to overcome the statute of limitations in the § 1983 context.  *Id*. at 994.

Mr. Amaro specifically objects to the Magistrate Judge's dismissal of "the addition of claims and defendants," pursuant to the continuing violation doctrine.  Doc. 119 at 3–7.  The continuing violation doctrine does not apply to the additional defendants and claims because those claims accrued within the statute of limitations.  In the "More Currently" section of Mr. Amaro's amended complaint, he raises new claims against Dr. Weaver for appointments in October and November 2021, 2022, and 2023, which are not barred by the three-year statute of limitations.  Consequently, the continuing violation doctrine does not apply to the additional claims and defendants.

Mr. Amaro appears to assert that the tooth pulled by Dr. Grewal on December 16, 2017, should be revised under the continuing violation doctrine.  *See* Doc. 119 at 3.  The claim against Dr. Grewal, however, has been dismissed with prejudice pursuant to a settlement agreement. Doc. 109.  Regardless of any statute of limitations, that claim is no longer viable.

Mr. Amaro contends that he is currently suffering from daily pain as a result of his tooth being pulled in December of 2017 (*see* Doc. 119 at 7), but the Tenth Circuit has held that "the continuing violation doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018); *Herrera*, 32 F.4th at 993 (same).  The pain that Mr. Amaro is experiencing as a result of the tooth extraction in December of 2017 constitutes damages from the alleged initial violation, not

an additional unlawful act.  Mr. Amaro's objection based on the continuing violation doctrine is overruled.

    D.  *Sua Sponte* Dismissal Prior to Service

    Mr. Amaro's final objection is to the Magistrate Judge's recommendation that the Court *sua sponte* dismiss his action prior to service on the defendants.  Doc. 119 at 10.  Mr. Amaro argues that *sua sponte* dismissal is disfavored.[2]  Doc. 119 at 10.  The cases cited by Mr. Amaro stand for the proposition that a pro se claim should not be *sua sponte* dismissed where it states a claim for relief.  *Id*.  While the case law from the Second Circuit cited by Mr. Amaro is not binding on this Court, it also does not contradict the Magistrate Judge's finding that "a district court may dismiss a case *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged."  Doc. 116 at 3 (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)).  As the Magistrate Judge points out, Mr. Amaro's amended complaint does not state a claim because his original claims have been dismissed with prejudice and the new claims and defendants were improperly added in violation of Rules 18 and 20.  Doc. 116 at 6–11.  Mr. Amaro does not specifically object to the magistrate's finding that the claims from his original complaint have been dismissed with prejudice or to the Magistrate Judge's analysis under the Federal Rules of Civil Procedure.  His objection that the Court should not *sua sponte* dismiss his amended complaint is overruled.

---

[2] The Court could not find a case cited by Mr. Amaro entitled *Dixon v. Wexford* in the district of Maryland that contains the quotation that he inserts following the citation.  *See* Doc. 119 at 10.  The Court found the passage in *Lewis v. Heidelberger*, 2013 WL 5416969, at *4 (W.D.N.Y. Sept. 25, 2013).  The cases within the quotation are from the Second Circuit and are not binding on this Court.

**IV.     Conclusion**

Pursuant to the Tenth Circuit's Order and FED. R. CIV. P. 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD to which Mr. Amaro has properly objected.  After conducting this de novo review, and having thoroughly considered the Magistrate Judge's PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.  Plaintiff Pedro J. Amaro's objections are OVERRULED;

2.  The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 116) are ADOPTED;

3.  Mr. Amaro's Amended Complaint (Doc. 84) is DISMISSED with prejudice against defendants Dr. Kapil Grewal, Ms. C. Romero, Dr. Bernida Iqbal, Dentrust Dental International, Dentrust of New Mexico, P.C., Centurion Correctional Healthcare of New Mexico, Steven Wheeler, Murray Young, Corizon Health, Inc., and Wexford Health, Inc.

4.  Mr. Amaro's Amended Complaint (Doc. 84) is DISMISSED without prejudice as to all other defendants with respect to any claims not barred by the statute of limitations.

5.  Mr. Amaro's motion to amend (Doc. 91) is DENIED as futile.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE